## Commonwealth v. Brunish

*William Panella, assistant district attorney,* for the Commonwealth.
*Larry Kelly* and *Charles Sapienza,* for defendant.

CAIAZZA, *J.,* December 18, 1990 — We have before us for consideration defendant's appeal from summary criminal conviction.

On October 6, 1989, defendant, Christopher P. Brunish, was charged with violating section 6308 of the Crimes Code, 18 Pa.C.S. §6308, entitled "Purchase, consumption, possession or transportation of liquor or malt or brewed beverages." The charge arose from defendant's alleged possession of three 12-fluid-ounce cans of "Milwaukee's Best Light Beer."

On December 28, 1989, District Justice James A. Reed found defendant guilty of the charged offense and sentenced defendant to pay a $100 fine and court costs.

On January 15, 1990, defendant filed the instant appeal from summary criminal conviction. On October 30, 1990, this court conducted a hearing de novo pursuant to the provisions of Pa.R.Crim.P. 86 (f).

The statute at issue here provides in relevant part as follows:

"(a) *Offense defined* — A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages, as defined in section 6310.6 (relating to definitions)." 18 Pa.C.S. §6308(a).

The sole issue which appears before us for resolution is whether the Commonwealth has sufficiently proven that Milwaukee's Best Light Beer is a malt or brewed beverage as defined by the statute.

Section 6310.6 of the Crimes Code, 18 Pa.C.S. §6310.6, defines a malt or brewed beverage in the following manner:

" 'Malt or brewed beverages.' Any beer, lager beer, ale, porter or similar fermented malt beverage containing 0.5 percent or more of alcohol by volume, by whatever name such beverage may be called."

At the hearing de novo, the Commonwealth did not introduce into evidence any testimony or documentation which established in the record that the confiscated beverage contained 0.5 percent or more of alcohol by volume. Nor did the can itself (Commonwealth's exhibit 1) contain any notation which identified the amount of alcohol by volume contained within the beverage. Parenthetically, the Pennsylvania Liquor Code prohibits the alcoholic strength to appear on a label of a malt or brewed beverage. See section 4-493(7) of the Liquor Code, 47 P.S. §4-493(7).

The amount of alcohol which the definitional statute requires to be contained within the malt or brewed beverage itself is fundamentally diminutive. Even beer which contains 3.2 percent of alcohol by volume is commonly considered to be a beverage which has within its ingredients a comparatively minimal amount of alcohol. Considering the minuscule requirements of the definitional statute relating to the alcoholic content of a malt or brewed beverage, the court will take judicial notice that the content of any beverage which is identified as alcoholic* contains within its ingredients at least 0.5 percent of alcohol by volume.

---

* Here, a notation on the can under the heading "Government Warning" identifies the beverage as one which contains alcohol.

Consequently, the court finds the defendant guilty of violating section 6308(a) of the Crimes Code, 18 Pa.C.S. §6308(a), and sentences defendant to pay a fine of $100; he shall also pay all associated costs.

## ORDER OF COURT

Now, December 18, 1990, in accordance with the provisions of the appended memorandum opinion, the court finds defendant, Christopher P. Brunish, guilty of violating section 6308(a) of the Crimes Code, 18 Pa.C.S. §6308(a), and hereby sentences defendant to pay a fine of $100 and all associated costs.